Melissa **MONTAÑEZ MORALES,**
Plaintiff,

v.

**MUNICIPALITY OF SAN JUAN,**
et al., Defendants.

Civil No. 04–2378 (GAG).

United States District Court,
D. Puerto Rico.

April 2, 2008.

Jose Luis Fernandez–Esteves, San Juan, PR, for Plaintiff.

Juan B. Soto–Balbas, Margarita Cintron–Solla, Mercado & Soto, Luis G. Martinez–Llorens, San Juan, PR, for Defendants.

### OPINION AND ORDER

GELPÍ, District Judge.

Plaintiff, Melissa Montañez Morales, brings this diversity suit against the Municipality of San Juan ("the Municipality") and its liability insurer, Ace Insurance Company ("ACE"), alleging that the Municipality negligently maintained the intersection at Santa Cecilia Street and Esquilín Street in Santurce, Puerto Rico. The Municipality's negligence, Montañez asserts, resulted in a car accident that caused her injury. Presently before this court are the ACE's motion for summary judgment (Docket No. 115) and the Municipality's opposition thereto (Docket No. 124). After reviewing the relevant facts and applicable law, the court **GRANTS** ACE's summary judgment motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-tled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The parties in this case do not dispute the material facts. ACE issued a general liability insurance policy ("the Policy") to the Department of the Treasury of the Commonwealth of Puerto Rico ("DOT"). The Policy provided general liability coverage to all of Puerto Rico's municipalities, including the Municipality of San Juan. Its coverage extended to tort claims arising out of bodily injuries and property damage occurring between June 20, 2002 and June 30, 2003. Montañez's accident occurred during the covered time period.

The Policy contained an aggregate limit of $13 million which has been exhausted. In light of the exhaustion of the Policy limit, the DOT and ACE executed a contract for professional services ("the Contract"). The Contract obligates ACE to manage, investigate, adjust, and resolve approximately 180 tort claims, including Montañez's, pending at the time of exhaustion and all other covered claims reported thereafter. Additionally, the Contract grants ACE the authority to negotiate and settle for up to $25,000 any claim to which the Contract applies. The Contract explicitly states that ACE is not responsible for indemnification payments or service provider fees associated with the relevant claims.

Puerto Rico law permits an individual sustaining damages to assert a direct action against a liability insurer. P.R. Laws Ann. tit. 26, § 2003; *see also De Leon Lopez v. Corporación Insular de Seguros,* 931 F.2d 116, 122 (1st Cir.1991) (recognizing Puerto Rico law creates substantive claim against liability insurer distinct from claim against insured). An insurer's liability, however, may not exceed the amount

provided for in the policy. P.R. Laws Ann. tit. 26, § 2003.

 Montañez invoked the direct action statute and filed her negligence claims directly against ACE. ACE now seeks summary judgment on the ground that the Policy expired the day the aggregate limit was exhausted. The Municipality urges the court to deny summary judgment because "ACE still has an active and important role in the instant action due to the Contract...." Docket No. 124, p. 7. Notwithstanding the existence of the Contract, summary judgment in ACE's favor is appropriate.

The aggregate limit under the Policy has been exhausted. The exhausted limit prevents Montañez from collecting under the Policy. Consequently, Montañez no longer has a right to assert a direct action against ACE, and the court must excuse ACE from the case.

 The Contract may obligate ACE to provide services associated with this litigation. It does not, however, provide a basis upon which Montañez may assert a direct action against ACE. The statute permits a direct action against a liability insurance carrier; it does not recognize a direct action where an insurance company provides administrative services to a defendant pursuant to a professional services contract. ACE may have an administrative role in this action, but it no longer has a role as a defendant to Montañez's negligence claims.

The Municipality alleges that ACE has neglected its administrative obligations under the Contract, for example by failing to assign new legal counsel to represent to the Municipality and by failing to hire service providers. The debate regarding ACE's alleged contractual noncompliance, however, is between the Municipality and ACE. It is inapposite to determining whether Montañez has a claim against ACE. The Policy no longer covers Montañez's claims due to the exhaustion of the Policy's limit. Accordingly, she has no direct cause of action against ACE regardless of the Contract.

In light of the foregoing, the court hereby **GRANTS** ACE's motion for summary judgment (Docket No. 115) and **DISMISSES** Montañez's claims against it.

**SO ORDERED.**